UNITED STATES of America, Plaintiff-Appellee,

v.

Anthony N. CARRION, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Clifford Wade GUTTERSRUD, Defendant-Appellant.

Nos. 71–1363, 71–1364.

United States Court of Appeals, Ninth Circuit.

Feb. 24, 1972.

Victor Sherman (argued), of Nasatir, Sherman & Hirsch, Beverly Hills, Cal., for defendant-appellant.

Elgin Edwards, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS, DUNIWAY and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Carrion and Guttersrud appeal from their convictions for smuggling marihuana by airplane from Mexico into the United States in violation of 21 U.S.C. § 176a.

On November 19, 1970, an untested informant told Customs Agent Rosenblatt that Carrion and Guttersrud were in Mexico, that they were going to transport marihuana from Mexico to one of three airports in the Los Angeles area using a Beechcraft Bonanza, and that the pilot would falsely identify the plane's FAA registration number to the tower. Customs agents were dispatched to all three airports, including the Torrance airport. Early in the evening of the same day, Agent Watson radioed Ro-

senblatt that a Beechcraft Bonanza had requested landing instructions and that the registration number of the aircraft had been falsely identified. When Carrion and Guttersrud were about 150 feet from the plane, Rosenblatt met them. He exercised a warrant for arrest of Carrion on an unrelated charge and caused Guttersrud to be detained for questioning. Thereafter, Rosenblatt looked in the window of the plane and saw a tarp-covered load of boxes bearing Spanish writing. He obtained the keys to the plane from Carrion, searched the plane, and found 404 pounds of marihuana.

The Government did not produce the informant at trial. It did produce the boxes with the Spanish writing in which the marihuana was found, a worn match book with Spanish writing on it that had been found in Guttersrud's flight bag, a piece of paper with some Spanish written on it found in Carrion's wallet, and maps of Mexico found with other maps in Guttersrud's flight bag. There was also evidence that from the time appellants rented the plane to the time of the landing at Torrance, enough fuel had been consumed and enough flight time had elapsed to make a round trip to Mexico.

The sole question that we find necessary to reach is appellants' claim that the evidence was insufficient to support their convictions for smuggling. The Government does not and could not rely upon the informant's tip to prove that appellants were in Mexico. It offered that evidence only on the issue of probable cause to justify the warrantless search of the plane. Assuming, without deciding, that the search was valid, the Government's evidence was ample to justify an inference that the marihuana originated in Mexico, but the evidence considered as a whole was inadequate to prove beyond a reasonable doubt that appellants smuggled it, the one offense with which they were charged.

There was no evidence that the aircraft had been seen in Mexico. The fact that it had used enough fuel and had

enough time to make the trip to Mexico does not raise any inference that Mexico had been its destination. The most that can be said is that these facts are consistent with the Government's claim that the plane made a round trip to Mexico.

Guttersrud's possession of a map of Mexico, along with other maps, and his having a worn match book bearing an advertisement for a Mexican motel, and Carrion's having a slip of paper in his wallet with a few innocuous words in Spanish on it added nothing of significance. A similar harvest could be produced from an inspection of countless glove compartments of automobiles driven in the Southwest. An inference drawn from that evidence that the possessor had been in Mexico would be severely strained, and the further inference that the possessor had been in Mexico on a particular date would be wholly untenable.

The Government failed to prove the only charge it made. (*Cf.* United States v. Mollat (9th Cir. 1971) 448 F.2d 789.)

The judgments are reversed with directions to dismiss the indictments.